### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ROGUE WAVE SOFTWARE, INC.,                            :
                                                      :
        Plaintiff,                             :
                                                      :
        v.                                     :  Case No.: 1:16-cv-07772-VM
                                                      :
BTI SYSTEMS INC., et al.,                             :
                                                      :
        Defendants.                            :
                                                      :
                                                      :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### ANSWER

        Defendants, BTI Systems Inc. ("BTI") and Juniper Networks, Inc. ("Juniper")

(collectively, the "Defendants"), through counsel, for their Answer to the Complaint filed by

Plaintiff Rogue Wave Software, Inc. ("Rogue Wave" or the "Plaintiff"), states as follows.

### FIRST DEFENSE

        Defendants answer the numbered paragraphs of the Complaint as follows.

        1.        Defendants lack knowledge and information sufficient to form a belief as to

the truth of the averments of fact in Paragraph 1 of the Complaint and, therefore, deny.

        2.        As to the first sentence of Paragraph 2 of the Complaint, Defendants admit.  As to

the second sentence of Paragraph 2 of the Complaint, Defendants deny.

        3.        Admit.

        4.        Paragraph 4 of the Complaint contains conclusions of law and not averments of

fact and, therefore, no answer is required.  Insofar as an answer may be deemed necessary,

however, Defendants deny.

5.      Paragraph 5 of the Complaint contains conclusions of law and not averments of fact and, therefore, no answer is required.  Insofar as an answer may be deemed necessary, however, Defendants deny.

6.      Paragraph 6 of the Complaint contains conclusions of law and not averments of fact and, therefore, no answer is required.  Insofar as an answer may be deemed necessary, however, Defendants deny.

7.      Defendants lack knowledge and information sufficient to form a belief as to the truth of the averments of fact in Paragraph 7 and, therefore, deny.

8.      Defendants lack knowledge and information sufficient to form a belief as to the truth of the averments of fact in Paragraph 8 and, therefore, deny.

9.      Defendants lack knowledge and information sufficient to form a belief as to the truth of the averments of fact in Paragraph 9 and, therefore, deny.

10.      Defendants lack knowledge and information sufficient to form a belief as to the truth of the averments of fact in Paragraph 10 and, therefore, deny.

11.      Paragraph 11 of the Complaint contains conclusions of law and not averments of fact and, therefore, no answer is required.  Insofar as an answer may be deemed necessary, however, Defendants deny.

12.      Defendants admit that on or about June 30, 2009, ILOG, Inc. ("ILOG") and BTI entered into an Application License Agreement for ISVs (the "License Agreement"). Defendants deny that IBM was a party to the License Agreement.

13.      Defendants admit that the License Agreement specifies how BTI may use certain computer software and related documentation which BTI would receive from ILOG.  Defendants also admit that the License Agreement speaks for itself and is the best evidence of the terms of

2

the agreement between ILOG and BTI.  Except as expressly so admitted, Defendants deny the averments of fact in Paragraph 13 of the Complaint.

14.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the averments of fact in Paragraph 14 of the Complaint and, therefore, deny.

15.     Paragraph 15 of the Complaint contains conclusions of law and not averments of fact and, therefore, no answer is required.  Insofar as an answer may be deemed necessary, however, Defendants deny.

16.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the averments of fact in Paragraph 16 of the Complaint and, therefore, deny.

17.     Paragraph 17 of the Complaint contains conclusions of law and not averments of fact and, therefore, no answer is required.  Insofar as an answer may be deemed necessary, however, Defendants deny.

18.     Defendants admit that, on or about January 20, 2016, Kieran Dalton spoke by telephone with Jeff Hildreth.  Except as expressly so admitted, Defendants deny the averments of fact in Paragraph 18 of the Complaint.

19.     Defendants admit that Mr. Dalton spoke by telephone with Mr. Hildreth on several occasions in early 2016.  Except as expressly so admitted, Defendants deny the averments of fact in Paragraph 19 of the Complaint.

20.     Defendants admit that during the period January through March 2016, Rogue Wave and BTI engaged in communications in an effort to resolve a dispute between the parties and avoid litigation over that dispute and that they failed to reach a resolution.  Some of those communications are protected pursuant to Rule 408 of the Federal Rules of Evidence.  Except as expressly so admitted, Defendants deny the averments of fact in Paragraph 20.

21.     Admit.

22.     Defendants admit that during the period January through March 2016, Rogue Wave and BTI engaged in communications in an effort to resolve a dispute between the parties and avoid litigation over that dispute.  Some of those communications are protected pursuant to Rule 408 of the Federal Rules of Evidence.  Except as expressly so admitted, Defendants deny the averments of fact in Paragraph 22.

23.     Defendants hereby incorporate each and every response set forth above, as if fully set forth herein, in response to Paragraph 23 of the Complaint.

24.     Paragraph 24 of the Complaint contains conclusions of law and not averments of fact and, therefore, no answer is required.  Insofar as an answer may be deemed necessary, however, Defendants deny.

25.     Paragraph 25 of the Complaint contains conclusions of law and not averments of fact and, therefore, no answer is required.  Insofar as an answer may be deemed necessary, however, Defendants deny.

26.     Paragraph 26 of the Complaint contains conclusions of law and not averments of fact and, therefore, no answer is required.  Insofar as an answer may be deemed necessary, however, Defendants deny.

27.     As to the first sentence of Paragraph 27 of the Complaint, Defendants deny.  As to the second sentence of Paragraph 27 of the Complaint, it contain conclusions of law and not averments of fact and, therefore, no answer is required.  Insofar as an answer may be deemed necessary, however, Defendants deny.

28.     Paragraph 28 of the Complaint contains conclusions of law and not averments of fact and, therefore, no answer is required.  Insofar as an answer may be deemed necessary, however, Defendants deny.

29.     Paragraph 29 of the Complaint contains conclusions of law and not averments of fact and, therefore, no answer is required.  Insofar as an answer may be deemed necessary, however, Defendants deny.

30.     Paragraph 30 of the Complaint contains conclusions of law and not averments of fact and, therefore, no answer is required.  Insofar as an answer may be deemed necessary, however, Defendants deny.

31.     Paragraph 31 of the Complaint contains conclusions of law and not averments of fact and, therefore, no answer is required.  Insofar as an answer may be deemed necessary, however, Defendants deny.

32.     Paragraph 32 of the Complaint contains conclusions of law and not averments of fact and, therefore, no answer is required.  Insofar as an answer may be deemed necessary, however, Defendants deny.

33.     Paragraph 33 of the Complaint contains conclusions of law and not averments of fact and, therefore, no answer is required.  Insofar as an answer may be deemed necessary, however, Defendants deny.

34.     Paragraph 34 of the Complaint contains conclusions of law and not averments of fact and, therefore, no answer is required.  Insofar as an answer may be deemed necessary, however, Defendants deny.

35.     Paragraph 35 of the Complaint contains conclusions of law and not averments of fact and, therefore, no answer is required.  Insofar as an answer may be deemed necessary, however, Defendants deny.

36.     Paragraph 36 of the Complaint contains conclusions of law and not averments of fact and, therefore, no answer is required.  Insofar as an answer may be deemed necessary, however, Defendants deny.

37.     Denied.

38.     Paragraph 38 of the Complaint contains conclusions of law and not averments of fact and, therefore, no answer is required.  Insofar as an answer may be deemed necessary, however, Defendants deny.

39.     Paragraph 39 of the Complaint contains conclusions of law and not averments of fact and, therefore, no answer is required.  Insofar as an answer may be deemed necessary, however, Defendants deny.

40.     Paragraph 40 of the Complaint contains conclusions of law and not averments of fact and, therefore, no answer is required.  Insofar as an answer may be deemed necessary, however, Defendants deny.

41.     Defendants hereby incorporate each and every response set forth above as if fully set forth herein in response to Paragraph 41 of the Complaint.

42.     Paragraph 42 of the Complaint contains conclusions of law and not averments of fact and, therefore, no answer is required.  Insofar as an answer may be deemed necessary, however, Defendants deny.

43.     Paragraph 43 of the Complaint contains conclusions of law and not averments of fact and, therefore, no answer is required.  Insofar as an answer may be deemed necessary, however, Defendants deny.

44.     Paragraph 44 of the Complaint contains conclusions of law and not averments of fact and, therefore, no answer is required.  Insofar as an answer may be deemed necessary, however, Defendants deny.

45.     Paragraph 45 of the Complaint contains conclusions of law and not averments of fact and, therefore, no answer is required.  Insofar as an answer may be deemed necessary, however, Defendants deny.

46.     Paragraph 46 of the Complaint contains conclusions of law and not averments of fact and, therefore, no answer is required.  Insofar as an answer may be deemed necessary, however, Defendants deny.

47.     Paragraph 47 of the Complaint contains conclusions of law and not averments of fact and, therefore, no answer is required.  Insofar as an answer may be deemed necessary, however, Defendants deny.

48.     Paragraph 48 of the Complaint contains conclusions of law and not averments of fact and, therefore, no answer is required.  Insofar as an answer may be deemed necessary, however, Defendants deny.

49.     Denied.

50.     Paragraph 50 of the Complaint contains conclusions of law and not averments of fact and, therefore, no answer is required.  Insofar as an answer may be deemed necessary, however, Defendants deny.

51.    Paragraph 51 of the Complaint contains conclusions of law and not averments of fact and, therefore, no answer is required.  Insofar as an answer may be deemed necessary, however, Defendants deny.

52.    Paragraph 52 of the Complaint contains conclusions of law and not averments of fact and, therefore, no answer is required.  Insofar as an answer may be deemed necessary, however, Defendants deny.

53.    Defendants hereby incorporate each and every response set forth above as if fully set forth herein in response to Paragraph 53 of the Complaint.

54.    Paragraph 54 of the Complaint contains conclusions of law and not averments of fact and, therefore, no answer is required.  Insofar as an answer may be deemed necessary, however, Defendants deny.

55.    Paragraph 55 of the Complaint contains conclusions of law and not averments of fact and, therefore, no answer is required.  Insofar as an answer may be deemed necessary, however, Defendants deny.

56.    Paragraph 56 of the Complaint contains conclusions of law and not averments of fact and, therefore, no answer is required.  Insofar as an answer may be deemed necessary, however, Defendants deny.

57.    Paragraph 57 of the Complaint contains conclusions of law and not averments of fact and, therefore, no answer is required.  Insofar as an answer may be deemed necessary, however, Defendants deny.

58.    Paragraph 58 of the Complaint contains conclusions of law and not averments of fact and, therefore, no answer is required.  Insofar as an answer may be deemed necessary, however, Defendants deny.

59.     Paragraph 59 of the Complaint contains conclusions of law and not averments of fact and, therefore, no answer is required.  Insofar as an answer may be deemed necessary, however, Defendants deny.

60.     Paragraph 60 of the Complaint contains conclusions of law and not averments of fact and, therefore, no answer is required.  Insofar as an answer may be deemed necessary, however, Defendants deny.

61.     Paragraph 61 of the Complaint contains conclusions of law and not averments of fact and, therefore, no answer is required.  Insofar as an answer may be deemed necessary, however, Defendants deny.

62.     Paragraph 62 of the Complaint contains conclusions of law and not averments of fact and, therefore, no answer is required.  Insofar as an answer may be deemed necessary, however, Defendants deny.

63.     Denied.

64.     Paragraph 64 of the Complaint contains conclusions of law and not averments of fact and, therefore, no answer is required.  Insofar as an answer may be deemed necessary, however, Defendants deny.

65.     Paragraph 65 of the Complaint contains conclusions of law and not averments of fact and, therefore, no answer is required.  Insofar as an answer may be deemed necessary, however, Defendants deny.

66.     Paragraph 66 of the Complaint contains conclusions of law and not averments of fact and, therefore, no answer is required.  Insofar as an answer may be deemed necessary, however, Defendants deny.

## ADDITIONAL DEFENSES

Defendants state that they will rely upon the following additional defenses.  Defendants reserve the right to assert any separate and additional defenses that are supported by information or facts obtained through discovery or other means during this case and expressly reserve the right to amend their Answer to assert such separate and additional defenses in the future. Defendants, by asserting these defenses, do not hereby assume any burden of proof that would otherwise rest on Plaintiff.

## SECOND SEPARATE AND ADDITIONAL DEFENSE
### (Failure to State a Claim)

The Complaint fails to state a claim upon which relief can be granted.

## THIRD SEPARATE AND ADDITIONAL DEFENSE
### (Lack of Standing)

Upon information and belief, Plaintiff's claims are barred, in whole or part, because Plaintiff lacks standing or capacity to sue.

## FOURTH SEPARATE AND ADDITIONAL DEFENSE
### (Invalid Copyright)

Plaintiff's claims are barred, in whole or in part, because the alleged copyright registration at issue is invalid.

## FIFTH SEPARATE AND ADDITIONAL DEFENSE
### (Lack of Registration)

Plaintiff's claims are barred, in whole or in part, because the allegedly copyrighted work at issue is not registered with the United States Copyright Office.

## SIXTH SEPARATE AND ADDITIONAL DEFENSE
### (Lack of Infringement)

Plaintiff's claims are barred, in whole or in part, because the allegedly copyrighted work at issue was not infringed.

## SEVENTH SEPARATE AND ADDITIONAL DEFENSE
### (*De Minimus* Use)

Plaintiff's claims are barred, in whole or in part, by the doctrine of *de minimus non curat lex*.

## EIGHTH SEPARATE AND ADDITIONAL DEFENSE
### (Lack of Injury)

Plaintiff's claims are barred, in whole or in part, because Plaintiff has not been damaged in any amount or injured in any manner or at all by reason of any act alleged against the Defendants.

## NINTH SEPARATE AND ADDITIONAL DEFENSE
### (Statute of Limitations)

Plaintiff's claims are barred, in whole or in part, pursuant to the statute of limitations for copyright causes of action.  17 USC § 507(b).

## TENTH SEPARATE AND ADDITIONAL DEFENSE
### (Violation of Constitutional Rights)

To the extent Plaintiff seeks statutory damages that exceed any actual damages to Plaintiff, it violates Defendants' rights under the United States Constitution because an award of such damages would constitute an excessive fine and violate Defendants' right to procedural and substantive due process.

## ELEVENTH SEPARATE AND ADDITIONAL DEFENSE
### (Violation of Constitutional Rights)

To the extent that Plaintiff seeks statutory damages, it violates Defendants' rights under the United States Constitution because of the vagueness and uncertainty of the criteria for the imposition of statutory damages and the lack of fair notice as to what conduct will result in the imposition of such damages.

## TWELFTH SEPARATE AND ADDITIONAL DEFENSE
### (Violation of Constitutional Rights)

To the extent that Plaintiff seeks statutory damages, it violates Defendants' rights to equal protection of the laws under the United States Constitution.

WHEREFORE, Defendants respectfully request that the Court enter judgment in their favor as follows:

A.   Dismissing Plaintiff's claims in their entirety, with prejudice;

B.   Denying any and all relief sought by Plaintiff in its Complaint;

C.   Awarding Defendants their attorneys' fees in connection with this lawsuit pursuant to 17 U.S.C. § 505;

D.   Awarding Defendants their costs and disbursements in this lawsuit; and

E.   Granting Defendants such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Defendants demand a trial by jury on all causes of action  and issues triable by jury.

KATTEN MUCHIN ROSENMAN LLP

Dated: October 19, 2016

Terence P. Ross
2900 K Street NW
North Tower - Suite 200
Washington, DC 20007-5118
Phone: (202) 625-3676
Facsimile: (202) 298-7570
terence.ross@kattenlaw.com

Jessica M. Garrett
575 Madison Avenue
New York, New York 10022
Phone:  (212) 940-8800
Facsimile: (212)  940-8776
jessica.garrett@kattenlaw.com

*Attorneys for Defendants BTI Systems  Inc. And Juniper Networks, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of October, 2016, I have caused to be served a copy of Defendants' Answer upon all counsel of record in accordance with the Federal Rules of Civil Procedure and the Rules of the United States District Court for the Southern District of New York via its CM/ECF systems.

_____
Terence P. Ross